Maetiít, J.
delivered the opinion of the court.
The plaintiff having purchased several squares of ground in the [538] town of Hurstville, from the defendant, and having failed to make his payment, the latter obtained an order of seizure and sale, whereupon the present suit was brought to rescind the sale of said squares, and a provisional writ of injunction sued out to suspend the execution of the order.
The alleged ground of rescission is, that the vendor exhibited a plan of the new town, on which a railroad was marked with a depot designated near the squares purchased by the plaintiff, although no such railroad or depot existed at the time of sale; and every probability of the establishment of such a x-oad has long ago vanished. That this was done with the view of deceiving purchasers; and among them the plaintiff.
The defendant pleaded the general issue, and that the plaintiff had a clear Icnowledge of his intentions, which were plainly stated and explained at the time of the auction sale and in the advertisements which preceded it.
The injunction was dissolved and there was judgment in favor of the defendant; from which the plaintiff appealed.
The plan of Hurstville eontx-adicts the allegations in the petition; the inscription on the plan being, “ Nashville Railroad projected.” The advertisements, which preceded the auction, announced that one half of the lots in the town, only, would be sold, and the other half reserved to be offered to the Nashville and New Orleans Railroad Company for the purpose of building a branch road to the designated depot in Hurstville; and in case it was not accepted befoi’e the completion of this road to Nashville, then these squares or lots shall be sold for the purpose of constructing a branch of said road.
It appears that the offer was made to the New Orleans and Nashville Railroad Company and declined; for reasons which entirely exculpate the *696 defendant; and as on this refusal he was not hound to sell the reserved lots for the purpose of making a branch railroad to Hurstville, until the main road reached Nashville, a period which has not yet arrived, he is not in mora, and the complaint of the plaintiff is therefore premature.
[539] The plaintiff’s counsel has further contended that the defendant has made a cession of his property to his creditors and is unable to comply with the conditions of the sale. The cession was neither alleged nor proved, and consequently cannot be examined or noticed in this case.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.